UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS M. KUZARA,

    Plaintiff,

    v.

STEVE DREWS; ABDIEL ACEVEDO;
CHRISTIAN BOGNETTI; JORGE GONZALEZ;
JOHN SPENCER; MICHAEL SALVAGGIO;
ROBERT BRANDT; JOSEPH GUTIERREZ;
VICTOR LEZOTE; TODD SHAVER; JAMES
MARSOLLAIS; JOHN STEINHABLE; and
THE VILLAGE OF CARPENTERSVILLE,

    Defendants.

No. 21 C 2885

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Dennis Kuzara alleges that Defendants arrested and detained him on murder charges based on fabricated evidence and without probable cause. The charges against Kuzara were dropped after he had been held in jail for two years. Defendants have moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 36. That motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

On October 2, 2011, Isabella Trejo was found stabbed to death in her apartment. Trejo and Kuzara were close, formerly romantic friends. Kuzara visited Trejo daily, including the day she was killed. Kuzara alleges that he is "mentally handicapped," R. 1 ¶ 27, and that "he was elderly, frail and had been in a bus accident causing him to suffer fractured ribs" when Trejo was murdered. *Id.* ¶ 71. He was about 66 years-old at the time. *See id.* ¶ 62.

At the outset of the investigation, Defendants learned that Trejo had previously called the police about a man named Darryl Huggins. Huggins's niece,

2

Yolanda Green, was Trejo's neighbor and Kuzara's ex-wife. Huggins has a history of criminal violence.

Huggins was staying with Green on the day of the murder. A witness told Defendants that she had seen Trejo with Huggins several days before her murder. In the ensuing months, two witnesses told Defendants that Huggins had killed Trejo "because she owed money for crack cocaine and Huggins sought to steal her social security money." *Id.* ¶ 40.

Through 2013, Defendants interviewed Kuzara and Huggins about Trejo's murder several times each. Kuzara alleges that he never made any incriminating statements to Defendants, whereas Huggins's story was inconsistent. Neither was ever arrested.

Five years passed, and in 2018 Defendants sent the murder weapon to a lab for DNA testing. The test showed Kuzara's DNA on the weapon. Defendants arrested Kuzara in November 2018. Kuzara was held in jail until December 2020 when the charges were dropped.

Kuzara alleges that he could not have killed Trejo because she was his friend and he was physically incapable of committing the crime. Kuzara alleges that "no probable cause existed for [his] arrest," because it was "based on false evidence, false reports, and fabricated evidence, and [was] contrary to everything Defendants learned in their investigation." *Id.* ¶¶ 69-70. Kuzara does not specify what evidence Defendants fabricated.

**Analysis**

Kuzara claims: (Count I) a Due Process claim for "withholding of exculpatory evidence"; (II) a Due Process claims for "fabrication of evidence"; (III) a Due Process claim for "failure to intervene"; (IV) for "conspiracy to deprive of constitutional rights"; (V) state law malicious prosecution; (VI) state law false imprisonment; (VII) state law intentional infliction of emotional distress; and (VIII) state law conspiracy.

Kuzara's reliance on the Due Process Clause—and relatedly *Brady v. Maryland*—is misplaced. The Supreme Court has held that if "the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017). The Seventh Circuit has explained that this means that a "claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment," and no Due Process claim is available without trial or conviction. *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) (emphasis in original).

Because he was released before trial, Kuzara must show that he was held without probable cause in order to state a claim. *See, e.g.*, *Lewis*, 914 F.3d at 477 (a plaintiff released before trial can allege that "his detention was not supported by probable cause because the judge's order holding him for trial was based only on 'police fabrications.'"). Kuzara alleges that his arrest was based on "false reports and fabricated evidence," and so was without probable cause. But he does not make any specific allegation about what evidence was false or fabricated. In his brief, Kuzara

4

contends that the DNA evidence was "fabricated," but offers no reason to suspect this is true.

Kuzara cites a number of cases in which courts denied motions to dismiss claims of alleged wrongful detention and conviction. But all those plaintiffs included specific allegations of coerced or fabricated confessions and other evidence. *See Rivera v. Lake Cty.*, 974 F. Supp. 2d 1179, 1186 (N.D. Ill. 2013) ("But the interrogators persisted, and, after four days, Plaintiff suffered a complete mental breakdown. When police forced him to sign a statement they had written that implicated him in the murder, he submitted."); *Hyung Seok Koh v. Graf*, 2013 WL 5348326, at *2 (N.D. Ill. Sept. 24, 2013) ("The Kohs allege that as a result of this coercive interrogation, Mr. Koh made statements that the Defendant Officers believed were self-incriminating. And at the conclusion of the interrogation, the Defendant Officers fabricated a statement and falsely attributed it to Mr. Koh, and told prosecutors from the Cook County State's Attorney's Office about the statement."); *Wilson v. City of Chicago*, 2009 WL 3242300, at *2 (N.D. Ill. Oct. 7, 2009) ("The Defendants, and not Wilson, are in possession of the knowledge of precisely which of them, if any, interrogated, manipulated, threatened, or coerced Wicks and Pye into giving false testimony."). Kuzara has made no analogous allegations.

Kuzara's real argument is not that Defendants fabricated evidence, but that they incorrectly evaluated the evidence, focusing on Kuzara's guilt to the exclusion of evidence tending to show his innocence or implicating Huggins. Specifically, Kuzara argues that the DNA evidence "is meaningless" because Kuzara "visited Trejo

5

everyday and spent a considerable [amount] of time at what would become the scene of her murder."

"Probable cause exists to arrest a suspect if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019). Certainly, the evidence as Kuzara has alleged it was mixed. "But probable cause is a low bar." *United States v. Rees*, 957 F.3d 761, 769 (7th Cir. 2020). And Kuzara's DNA on the murder weapon along with Kuzara's presence in the victim's apartment the day of the murder constitutes probable cause. As Kuzara argues, there could be innocent explanations for these facts. But the Court finds that these possible innocent explanations do not plausibly allege that Defendants lacked probable cause to arrest him.

Further, the evidence of Huggins's guilt is entirely circumstantial. Kuzara alleges that two people claimed Huggins killed Trejo. But Kuzara does not allege that these people actually witnessed the murder. The evidence that Huggins killed Trejo is not so strong so as to cancel out the evidence that Kuzara committed the murder.

No doubt, two years is a very long time to spend in jail awaiting trial only to have charges dropped. And Kuzara implies that his sudden release indicates that the charges were not well-founded at the outset. But Kuzara has not made any allegation that makes such an inference plausible. He has not explained how any defendants acted inappropriately, other than his argument disagreeing with Defendants'

6

assessment of the weight of the evidence. The facts Kuzara has alleged evince probable cause for his arrest. Without more factually based allegations to the contrary, Kuzara's claim that his arrest lacked probable cause is not plausible.

## Conclusion

Therefore, Defendants' motion to dismiss [36] is granted. To the extent the state law claims are not also undermined by the Court's finding that Kuzara's allegations show that he was arrested with probable cause, the Court declines to exercise supplemental jurisdiction over those claims.

Kuzara's case is dismissed without prejudice. However, Kuzara is not permitted to immediately file an amended complaint. Should Kuzara believe he can cure the deficiencies with his claims the Court has described in this opinion, he may file a motion for leave to file an amended complaint. The motion should be five pages or fewer explaining the significance of any amended allegations, and should attach the proposed amended complaint as an exhibit, redlined against the current complaint. Kuzara's counsel should inform the Court's Deputy by February 24, 2022 whether Kuzara intends to file such a motion or whether the federal claims should be dismissed with prejudice. Any such motion must be filed by March 24, 2022. Defendants should not respond unless so ordered.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: February 16, 2022